REQUESTED BY: Cynthia Milligan, Director Department of Banking Finance
1: May an installment loan company charge a prepayment penalty on loans which were made pursuant to Neb.Rev.Stat. § 45-114 through 158 (Reissue 1988), for borrowers who repay their loans before the loans come due?
2: If an installment loan company licensed pursuant to Neb.Rev.Stat. § 45-114 through 158 (Reissue 1988) authorized by § 45-101.04(2) — (6), (8) or (10), is the loan s to the requirements of the installment loan company statutes?
No.
No.
Neb.Rev.Stat. § 45-114 through 158 (Reissue 1988) specifically govern installment loans. The statutes provide for the licensing of installment loan companies and set forth restrictions upon those licensees regarding loans made pursuant to those statutes.
The prepayment of installment loans by a borrower is specifically required to be permitted by the lender pursuant to Neb.Rev.Stat. § 45-135. That statute does not authorize any prepayment penalty. Additionally, Neb.Rev.Stat. § 45-137(4) prohibits charges except those specifically authorized. Neb.Rev.Stat. § 45-137(5) does authorize some types of extra charges but does not authorize explicitly or implicitly the assessing of a prepayment penalty as a charge. Extra charges are limited to "expenses incurred in connection with the making, closing, disbursing, extending, readjusting, or renewing of loans." Charges are not authorized upon the prepayment of loans. The Nebraska Supreme Court has held that: "In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning. . . ." Commerce Savings Scottsbluff v. F.H. Schafer Elevator, 231 Neb. 288, 300,436 N.W.2d 151 (1989). In this instance the plain and ordinary meaning of the language involved permits certain charges and prohibits those not authorized. Because prepayment penalties are not specifically authorized, they are therefore prohibited.
It is noted that Neb.Rev.Stat. § 45-101.02(2)(a) defines prepayment charges as a loan service cost which may be applicable to loans in general. However, that statute is a definitional statute and to be made applicable to installment loans there would need to exist a specific provision in the installment loan statutes specifically allowing the assessment of "loan service costs".
In your opinion request you note that loans made pursuant to Neb.Rev.Stat. § 45-101.04(2) — (6), (8), and (10) may be made at rates different than those authorized under the installment loan statutes. The question then arises, because different interest rates apply to such loans, do the other restrictions or prohibitions contained within the installment loan statutes continue to apply to such loans?
The Nebraska Supreme Court in McCaul v. American Savings Co., 213 Neb. 841, 331 N.W.2d 795 (1983) held that the exemptions specified in § 45-101.04(2), (3) and (4) exempt the specified transactions from the Installment Loan Act § 8-435 et seq., in addition to the interest rate limitations contained in §45-101.03. Id. at 846. While that case dealt with installment loans made by industrial loan and investment companies, rather than installment loans specified in §45-114 through 158, the rationale of the court's decision would appear to apply in the analogous situation presented by your opinion request. Thus, loans made pursuant to § 45-101.04(2) — (6), (8), and (10) would appear to be exempt from the restrictions of the installment loan statutes. Consequently, it would appear that there is no statutory prohibition to the charging of prepayment penalties for loans made pursuant to § 45-101.04(2) (6), (8), and (10).
Under the circumstances, if loans are made pursuant to the exemptions contained in § 45-101.04, those loans are thus not being made pursuant to the license granted to an installment loan company. Contrary to the loans made by industrial loan and investment companies as noted in McCaul, from information provided to this office by your department, it appears that loans exempted by § 45-101.04 would not be directly nor indirectly approved by the department because of the lack of statutory authority for the department to regulate such transactions. Consequently, such loans would not be made by installment loan companies as a part of their licensed business. The making of such loans would thus constitute the act by the licensee of engaging in "other business" as specified in the prohibition contained in Neb.Rev.Stat. § 45-123. The department would thus have the ability to restrict licensee's activities in locations in which such "other business" is conducted.
Respectfully submitted,
ROBERT M. SPIRE Attorney General
LeRoy W. Sievers Assistant Attorney General
Approved By:
_____________________________ Attorney General 24-171-3